UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

CHRISTIAN JALAN MATTHEWS,
TAYLOR NICOLE MITCHELL-MEEKS, and
SUDEEP KHURANA,

                                  **INDICTMENT**

        Defendants.
_____/

The Grand Jury charges:

## Conspiracy to Commit Wire Fraud

From a date unknown to the Grand Jury but beginning in at least August 2024 and continuing up to and including June 2026, in the Western District of Michigan and elsewhere, the defendants,

CHRISTIAN JALAN MATTHEWS,
TAYLOR NICOLE MITCHELL-MEEKS, and
SUDEEP KHURANA,

knowingly conspired with each other, and others unknown to the Grand Jury, to commit the offense of wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343.

## Object of the Conspiracy

1. The object of the conspiracy was for the defendants and other members of the conspiracy to obtain money or property by knowingly participating in a scheme

to defraud victims in the Western District of Michigan and elsewhere in the United States, most of whom were elderly.

## Manner and Means of the Conspiracy

2.     It was part of the conspiracy that members of the conspiracy contacted victims through unsolicited wire communications, sent in interstate and foreign commerce, with the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises. The conspirators also communicated with each other in furtherance of the conspiracy by using internet-connected smartphone applications and cellular telephones in interstate commerce.

3.     It was further part of the conspiracy that members of the conspiracy pretended to be government officials, representatives of well-known companies, or other people whom the victims would trust, intending to convince them that there was an issue with the security of the victims' identity or finances. In fact, the security issues were fictitious, and the conspirators were not who they claimed to be. The conspirators used these false pretenses to obtain gold, silver, or money from the victims.

4.     On several occasions, in furtherance of the scheme, MATTHEWS, MITCHELL-MEEKS, KHURANA, and other conspirators coordinated with each other to retrieve packages of gold or silver from victims. MATTHEWS and MITCHELL-MEEKS retrieved the packages from the victims and delivered them to other conspirators, including KHURANA.

5.    MITCHELL-MEEKS joined and used the conspirators' communication channel so that she could communicate with the conspirators in the event that MATTHEWS was unavailable.

6.    MATTHEWS was often given a code word to provide to the victims to retrieve the packages of gold or silver, and, in at least one instance, he worked under the pseudonym of "Michael."

7.    MATTHEWS and MITCHELL-MEEKS received $3,500 from a conspirator for each collection effort, which they divided between themselves.

8.    In furtherance of and as part of the conspiracy, on or about June 4, 2025, unknown conspirators convinced elderly victims, V.Y.1 and V.Y.2, that their finances were at risk due to their online accounts being hacked. A message sent by email from a fictitious Federal Trade Commission email address instructed them to convert $250,000 into gold or digital currency and deliver it to purported federal agents. In reality, the purported federal agent was MATTHEWS who, with MITCHELL-MEEKS, met the victims in the parking lot of a restaurant in the 3900 block of Cascade Road SE in Grand Rapids, Michigan, on June 6, 2025. MATTHEWS, acting as a courier, was instructed by another conspirator to retrieve the package of gold and deliver it to the next conspirator, KHURANA, who was observing the transaction from an adjacent parking lot. Even though KHURANA was already present in the same location as MATTHEWS and MITCHELL-MEEKS, the defendants had planned to travel five to ten minutes away to complete the transfer of fraudulently obtained

gold to KHURANA. Instead, law enforcement intercepted and arrested MATTHEWS and MITCHELL-MEEKS before they could deliver the package to KHURANA.

9.     The overall conspiracy resulted in the fraudulent receipt or attempted receipt of more than $3 million from at least 5 victims.

18 U.S.C. § 1343
18 U.S.C. § 1349

## FORFEITURE ALLEGATION
(Conspiracy to Commit Wire Fraud)

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of the violations of 18 U.S.C. §§ 1349 and 1343 set forth in this Indictment, the defendants,

CHRISTIAN JALAN MATTHEWS,
TAYLOR NICOLE MITCHELL-MEEKS, and
SUDEEP KHURANA,

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.  The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $3,789,591, which constitutes or is derived from proceeds traceable to the offense charged in the Indictment.

2. PERSONAL PROPERTY: $14,200 in U.S. currency seized by the Kent County Sheriff's Office on or about June 5, 2026, retrieved from a Nissan vehicle used by MATTHEWS and MITCHELL-MEEKS.

3. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided

    without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)
18 U.S.C. § 1343

A TRUE BILL

[ /s/ Redacted ]

GRAND JURY FOREPERSON

TIMOTHY VERHEY
United States Attorney

CLINT W. WESTBROOK
Assistant United States Attorney